| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 1:13-CR-40 |
| | § | |
| MOHAMMED LAYE DIOUBATE | § | |

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court referred this matter to the United States Magistrate Judge Keith F. Giblin for consideration of the defendant Mohamed Dioubate's motion to suppress. Judge Giblin conducted a hearing and issued findings of fact and a report and recommendation on the motion. He recommended that the Court deny the motion to suppress.

The defendant objected to the report and recommendation and the Government responded to the objections. Dioubate specifically objected to Judge Giblin's finding that reasonable suspicion existed to conduct a traffic stop on the defendant for following too closely and for suspected fatigue or intoxication. The defendant also objects to the magistrate judge's determination on the testifying officer's credibility.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3), this Court conducted a *de novo* review of the record of the suppression hearing by listening to the audio recording of the hearing and watching the video presented in court. The video shows certain portions of the pursuit of the defendant's vehicle during the traffic stop in question. For the following reasons, the Court agrees with Judge Giblin's conclusions.

Officer Clint Weir conducted the traffic stop on the defendant's vehicle which led to the search and seizure and ultimately resulted in the charges filed against Dioubate. Officer Weir was the only witness called to testify at the suppression hearing. He stated that he observed Dioubate's

vehicle continuously weaving on Interstate 10 which led Weir to suspect that the driver was intoxicated or fatigued. The defendant objects to this statement because the brief video does not show continuous weaving. This argument alone, however, does not establish that the weaving was not present prior to the stop. The magistrate judge credited Weir's testimony concerning the circumstances leading up to the traffic stop, and the video does not show that this was clearly erroneous. *See, e.g., United States v. Andres*, 703 F.3d 828, 833 (5th Cir.), *cert. denied,* 133 S. Ct. 2814 (2013). As discussed in the magistrate judge's report and on the record at the hearing, the video only captured a portion of the time leading up to the traffic stop. The defendant failed to offer evidence contradicting Weir's statements about the weaving vehicle. After an independent review of the video and audio from the hearing, this Court concludes that the magistrate judge did not err in his credibility determination and consideration of Weir's testimony.

The Court also finds that Judge Giblin did not err in concluding that Weir had reasonable suspicion to believe that the defendant was committing a traffic violation by following too closely to the truck in front of him prior to the traffic stop. Dioubate argues that Judge Giblin erroneously accepted Weir's conclusions on this issue. Despite defendant's arguments to the contrary, it was acceptable for Weir to utilize the one car length for every ten miles per hour analysis to assess a safe following distance. The officer is only required to provide specific, articulable facts in support of his reasonable suspicion that the defendant committed a traffic violation in following too closely. *See United States v. Flores-Majarez*, 421 F. App'x 407, 409 (5th Cir. April 7, 2011) (per curiam) (applying Texas law). Dioubate failed to provide evidence contradicting Weir's testimony on the issue and failed to show that the traffic stop was not legally justified under the circumstances. The fact that Weir employed the one car length per ten miles per hour standard

in concluding that the defendant was following too closely does not render the traffic stop illegal because Weir based his suspicion on specific, articulable facts. As stated by Judge Giblin in his report, at least one Texas court has utilized the same standard in making a reasonable suspicion determination for following too closely. *See, e.g., Combs v. State*, No. 01-07-00670-CR, 2009 WL 3248209 (Tex. App.– Houston [1st Dist.] Oct. 8, 2009, no pet.) (mem. op.).

The Court ORDERS that the defendant's objections (#35) to Judge Giblin's report and recommendation (#29) on the motion to suppress are OVERRULED. The magistrate judge's report (#29) is ADOPTED and the defendant's motion to suppress (#18) is DENIED.

SIGNED at Sherman, Texas, this 10th day of December, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE